Philip S. Cangelosi, Plaintiff-Appellant, v. The Board of Fire and Police Commissioners of the Village of Wilmette, Defendant-Appellee.

(No. 56986;

First District (2nd Division)—June 5, 1973.

Adamowski, Newey & Riley, of Chicago, (Francis X. Riley, of counsel,) for appellant.

Robert J. Mangler, of Wilmette, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Philip S. Cangelosi, appeals from an order denying his prayer for a declaratory judgment. The complaint alleged that persons statutorily ineligible were permitted to take a police lieutenant's examination, and that the certification of those persons was illegal and void. Plaintiff's complaint prayed that the appellee, Board of Fire and Police Commissioners of the Village of Wilmette, be ordered to follow its previous grading practices and to make promotions from the revised list, retroactively to the date of the examination. The trial court based its order upon the doctrine of laches and entered judgment for the Board.

Plaintiff submits the following contentions for our review:

1. That the trial court's denial of declaratory relief denied appellant due process and equal protection of law, in that it arbitrarily applied the "six months" limitation rule which is limited to extraordinary writs of *certiorari, quo warranto* and *mandamus.*

2. That the trial court erred in applying the rule where it could have granted appellant relief, without transgressing any reason for the rule.

Plaintiff took two examinations, December 1, 1967 and April 30, 1968 for the position of lieutenant. He failed to attain a passing grade in either of the tests. It was not until February 2, 1971, nearly three years later, that plaintiff filed the instant litigation.

■■ Plaintiff's contention that the doctrine of laches is not available in a declaratory judgment proceeding is without merit. (*Stern v. Material Service Corp.,* 44 Ill.App.2d 198, 194 N.E.2d 511.) The next contention is that, assuming laches is applicable, it should not be successfully asserted because, if plaintiff was granted the relief he seeks, this relief would not create the problems enunciated in *Kadon v. Board of Fire and Police Comm'rs,* 45 Ill.App.2d 425, 430, 195 N.E.2d 751. We disagree. The relief sought would directly affect the rights of persons not parties to this litigation. In addition, the applicability of the doctrine of laches rests in the discretion of the court. We find no abuse of that discretion. The final contention is that plaintiff has been deprived of his rights and thus denied due process of the law. We disagree. Plaintiff was afforded an opportunity to assert his rights but it was his fault that by his own delay and inaction, of almost three years, he deprived himself of any relief. The law favors the vigilant. We therefore affirm the judgment.

Affirmed.

LEIGHTON and HAYES, JJ., concur.